### PARAMORE *vs.* FITZGERALD *et al.*

A bill charged that an execution was about to be enforced by levy on the property of a debtor; that he induced complainant to purchase the *fi. fa.*, promising to deliver to the latter enough of his crops to pay the debt; that the debtor died, and without any administration, the defendants combined together to defraud complainant, and took possession of the crop (stating what was taken by each) and appropriated it to their own use, refusing to account for the same or pay the debts of the estate, rendering the estate insolvent; that he had been delayed in levying by the promise of one of the defendants, then in possession of the crop, to comply with the contract of the debtor, but that this had not been done. The prayer was for an account and settlement:

*Held,* that there was a complete common law remedy, and the bill was demurrable.

Equity.  Damages.  Debtor and Creditor.  Before Judge CRISP.  Stewart Superior Court.   April Term, 1881.

Reported in the decision.

D. H. BURTS; JNO. PEABODY, by brief, for plaintiff in error.

W. H. HARRISON & BRO.; J. L. WIMBERLY; W. A. LITTLE, for defendants.

CRAWFORD, Justice.

W. E. Paramore filed a bill in equity against W. W. Fitzgerald, Thomas J. Salter and Edward Salter, alleging

that in January, 1873, at the instance of one Thomas L. Salter, he bought an execution which was about to be levied upon, and to sell his (the said Thomas L. Salter's) land.  The said Salter promised and agreed that if he, the said Paramore, would do so, that he would deliver to him enough of his crop to pay the said debt.  In August thereafter the said Salter died, and that after his death the defendants combined and confederated together to defraud him out of the collection of his debt, and took possession of, and appropriated to their own use without authority, the entire crop, and refused to pay his execution or to deliver up the cotton, but claimed the same, amounting to forty bales as their own, converting it to their own use, to his damage two thousand dollars, for which amount he prays that they may account and be decreed to pay.

By amendment he further alleged that he did not levy his *fi. fa.*, because the said Thomas J Salter, who was in possession of the estate, said that he would comply with the contract of the said Thomas L. Salter.  But instead thereof, Fitzgerald, one of the defendants, had received and appropriated sixteen bales of the said cotton crop of the value of $900.00; Thomas J. Salter fifteen, of the value of $800.00, and Edward Salter eight, of the value of $400.00.  All of which was wrongfully taken without administration, and for which they refused to account, or pay on the debts of the deceased, thereby rendering the estate insolvent, and for which complainant prays that each one may be made to account.

To this bill a demurrer was filed for the want of equity, and because the complainant had an adequate and complete remedy at common law.  The demurrer was sustained, the bill dismissed, and complainant excepted.

This bill sets out no facts which would give the complainant the right to any equitable relief.  It seeks to get a court of equity to make the defendants, who are charged with taking certain cotton, which the owner whilst in life

had promised when made to deliver to the complainant in payment of an execution which he had taken up at his request, account for the said cotton. There was no specific lien on the cotton other than that which the judgment fixed. There was no special equity putting complainant's *fi. fa.* over claims of equal and higher dignity after the death of Thomas L. Salter.

To entertain this bill and allow a decree as prayed, would be to recognize an equitable right in this complainant to recover for *his own use* the value of the cotton he alleges to have been converted, to the prejudice of the rights of all other creditors and the family of the deceased, without information as to the priorities of the respective claims. And, besides this, is the fact shown by his amendment that he needs no discovery of the defendants, as he sets out precisely what each one has, and thereby shows that he has a full, adequate and complete remedy at common law. Equity will not take cognizance of a plain, legal right.

Judgment affirmed.