Norman Y. Brintnall vs. J. T. Smith & another.

Suffolk.   March 6, 1896. — May 25, 1896.

Present: Field, C. J., Holmes, Knowlton, Morton, & Barker, JJ.

*Lien — Conversion by Use of Property held under Lien.*

If a stable keeper in possession of horses under a lien for their board uses them
in his business for the purpose of necessary exercise, and the extent to which
they are used is not unreasonable or greater than is required to keep them in
proper condition, the fact that they were so used and that the stable keeper
incidentally derived a benefit from their use would not necessarily constitute a
conversion, unless his acts amounted, intentionally or otherwise, to an appro-
priation of the horses, or to a deprivation of the owner of them.

Petition, under Pub. Sts. c. 192, § 32, to establish a lien for
the boarding and keeping of certain horses belonging to the
defendants.   Trial in the Superior Court, before *Dunbar, J.,*
who reported the case for the determination of this court, in
substance as follows.

The horses for whose board and keeping a lien is claimed,
were left at the stable of the plaintiff by Tobin Brothers, who
held the horses under a conditional bill of sale from the defend-
ants, in whom was the legal title.

When the plaintiff took possession of the horses under the
lien, they were worn out and unfit for use, and he kept them in
the stable all the time for several weeks.   Subsequently he used
them in his own business whenever he had work for them, and
during a portion of the time that he held them he used them
daily on a hack, and derived therefrom some profit, which he
appropriated to himself.   During the whole of the time that
they were so used they were in good condition, and needed exer-
cise, and it was better for the horses to use them some.   In
answer to issues submitted to the jury, they replied that the
horses were brought to the plaintiff or placed in his care with
the consent of the defendants, and that there was due to the
plaintiff for the board of the horses the sum of one hundred and
one dollars and forty-six cents.

The judge ruled that the acts of the plaintiff constituted a
conversion, and that if he had ever had a lien he had lost it, and

could not maintain the action, and at the request of the plaintiff reported the case for the determination of this court. If the ruling was correct, judgment was to be entered for the defendants; otherwise for the plaintiff, for the amount found by the jury.

*J. L. Powers*, for the plaintiff.

*G. F. Manson*, (*W. G. Reed* with him,) for the defendants.

MORTON, J. As we understand the report, the court ruled, as matter of law, that the plaintiff's conduct in using and letting the horses, and in appropriating to his own use what he received, constituted a conversion. We think that this was error, and that the question should have been left to the jury. The plaintiff was rightfully in possession under his lien, but the horses were not his, and he was bound to take due care of them. And there was evidence tending to show they needed exercise, and that it was better for them " to use them some." The plaintiff was not guilty of conversion unless he did something inconsistent with his right of lien. And to constitute a conversion, as matter of law, his acts must have amounted, intentionally or otherwise, to an appropriation of the horses on his part, or to a deprivation of the defendants of them. *Spooner* v. *Manchester*, 133 Mass. 270. *Spooner* v. *Holmes*, 102 Mass. 503.

If in using them in his business the plaintiff's purpose was to give them necessary exercise, and the extent to which they were used was not unreasonable or greater than was required to keep them in proper condition, the fact that they were used in his business, and that he incidentally derived a benefit from using and letting them, would not necessarily constitute a conversion. We do not understand the statement in the report, that he appropriated to his own use the revenue which he received from the use of the horses, to mean that he refused to account for it, as he was bound to do. The fact that he received pleasure, or profit or advantage to his health, from using or driving them for exercise, would not of itself render his conduct tortious, if in so doing he used them as the horses of the defendants, and it would be for the jury to say, upon the whole evidence, whether he intended to convert the horses to his own use and did so, or whether the manner and extent to which and in which he used them were consistent with his right of lien and his duty to the defendants and in the discharge of it.

In accordance with the terms of the report, which are, that, if the ruling of the court is correct, judgment is to be entered for the defendants, otherwise for the plaintiff, for the amount found by the jury, the entry must be judgment for the plaintiff for one hundred and one dollars and forty-six cents, the amount found due by the jury, and it is  *So ordered.*