JENKS v. HORTON.

DEBTOR AND CREDITOR—BILL TO REACH EQUITABLE ASSETS—WHEN LIES.

A creditor having no judgment or decree of a personal nature against his debtor, a resident of the State, cannot maintain a bill to subject equitable interests of the debtor to the payment of the debt.

Appeal from St. Clair; Eldredge, J., presiding. Submitted June 15, 1897. Decided July 16, 1897.

Bill by William L. Jenks against Rebecca Horton and others to subject equitable assets to the payment of complainant's claim. From a decree dismissing the bill, complainant appeals. Affirmed.

*P. H. Phillips*, for complainant.

*Chadwick & McIlwain*, for defendant Horton.

HOOKER, J. Rebecca Horton was the owner of a life estate in certain lands, and it was a duty that she owed to the reversioner to pay the taxes during her occupancy. This she failed to do, and, for his own protection, the reversioner paid them, and, upon a bill filed by him, it was decreed by this court, on appeal, that the amount of such taxes constituted a lien upon the premises, and that the same be sold to pay them, unless paid within 60 days. See *Jenks* v. *Horton*, 96 Mich. 13. Subsequently her estate in the premises was sold under the decree, and brought the sum of $50. This was followed by a petition for an execution for the deficiency. In answer to this petition, it is said that Mrs. Horton averred that the complainant received and accepted, as satisfaction for said claim, a deed of said premises. Her answer does not appear in the printed record, but the statement in the

brief is not disputed, and is corroborated by the replication filed. The replication denies her averment as to such adjustment. The circuit court in chancery dismissed the petition, upon a full hearing upon pleadings and proofs, by an order couched in the following language:

" The petition of the above-named complainant for execution for deficiency in the above cause coming on to be heard on the pleadings filed therein, and testimony taken before me, and after hearing Phillips & Jenks, for complainant, and A. E. Chadwick, for defendant, and it appearing to the court that there is no provision of law authorizing the issuance of execution by this court for the deficiency arising from the sale of premises under the decree rendered in said cause, it is hereby ordered, adjudged, and decreed that the above-named petition is hereby dismissed, with costs to defendant."

From this order no appeal was taken. Previous to the entry and filing of the order (but five days after the date thereof), the bill in the present case was sworn to. The date of its filing does not appear, and is of no consequence upon this record. This bill alleges the complainant's claim and the proceedings in the former cause, up to and including the sale under the decree of this court, and states that upwards of $400 is still due to the complainant upon the decree, and that Rebecca Horton refuses to pay, and has no property which can be reached by execution, but that she is possessed of rights, under a decree of this court, against one Henry Howard, to the annual payment of $280, and by the terms of which the sum of $280 becomes due and payable on October 15, 1894, from the executors of Henry Howard, he being dead. It was further alleged by the bill that said claim was by said decree made a lien upon certain real estate in Port Huron. It makes Rebecca Horton and the executors of Howard parties defendant, and prays that the latter be required to pay to the complainant the sum due from said estate to the said Horton, and that her interest in said estate be sold to satisfy the complainant's claim. The defendants

114 MICH.—4.

all appeared, and answered, denying the jurisdiction of the court in the premises, and Rebecca Horton alleged a former adjudication of the question, and asserted the settlement and satisfaction of the decree.   Upon a hearing on pleadings and proofs taken in open court, the court found, as evidenced by the decree, that "the bill is without equity, and complainant is not entitled to decree thereunder;" and the bill was dismissed, "without prejudice to any existing right in the complainant to his action at law, this decree, however, not being construed as authorizing any action at law."

The decree of the circuit court in the original case is not before us, and we cannot therefore determine that it adjudged the defendant was indebted to the complainant.   If it did, we see no obstacle to further proceedings to obtain execution to collect the amount, if the property sold proved inadequate.   2 How. Stat. § 6653, gives to courts of chancery authority to issue execution to enforce decrees.   If, however, it merely gave relief to the extent of subjecting her life estate to the payment of the debt that was a lien upon it, it would follow that the complainant has no judgment or decree that will support an execution; and this would seem to have been the view of the circuit judge, who denied the application for execution upon the ground "that there is no provision of law authorizing the issuance of execution by this court for the deficiency arising from the sale of premises under the decree rendered in this cause."   That this was his view is indicated by his dismissal of the bill in this cause *without prejudice*.   Having no judgment, and no execution having issued, the complainant is proceeding to subject equitable interests, which are beyond the reach of executions, to the payment of his claim.

It is a rule both of common law and by statute that before the aid of equity can be invoked to subject equitable assets, not liable to execution, to the payment of a debt, all legal remedies shall be exhausted; and, where the defendant is a resident, it must appear that a judg-

ment at law has been obtained, execution issued, and returned unsatisfied. We are not prepared to say that a decree of a court of equity, upon which execution had issued, and been returned unsatisfied, would not be sufficient to justify filing a creditor's bill, or a bill in aid of execution; but in the absence of a personal judgment or decree, and return of execution *nulla bona*, a bill does not ordinarily lie. While holding that return of execution is not prerequisite to the filing by a creditor of a bill to redeem equitable interests from a mortgage, the United States supreme court said, in *Freedman's Savings & Trust Co.* v. *Earle*, 110 U. S. 715:

"But in other cases, when the object of the bill is to obtain satisfaction of the judgment by a sale of the equitable estate, it must be alleged that execution has been issued. This is not supposed to be necessary wholly on the ground of showing that the judgment creditor has exhausted his remedy at law; for, if so, it would be necessary to show a return of the execution unsatisfied, which, however, is not essential. Lewin, Trusts, 513. But the execution must be sued out; for if the estate sought to be subjected is a legal estate, and subject to be taken in execution, the ground of the jurisdiction in equity is merely to aid the legal right by removing obstacles in the way of its enforcement at law. *Jones* v. *Green*, 1 Wall. 330. And if the estate is equitable merely, and therefore not subject to be levied on by an execution at law, the judgment creditor is bound, nevertheless, to put himself in the same position as if the estate were legal, because the action of the court converts the estate, so as to make it subject to an execution as if it were legal. The ground of the jurisdiction, therefore, is not that of a lien or charge arising by virtue of the judgment itself, but of an equity to enforce satisfaction of the judgment by means of an equitable execution. And this it effects by a sale of the debtor's interest subject to prior incumbrances, or, according to circumstances, of the whole estate, for distribution of the proceeds of sale among all the incumbrancers, according to the order in which they may be entitled to participate. *Sharpe* v. *Earl of Scarborough*, 4 Ves. 538.

"It is to be noted, therefore, that the proceeding is one instituted by the judgment creditor for his own interest alone, unless he elects to file the bill also for others in

a like situation, with whom he chooses to make common cause; and, as no specific lien arises by virtue of the judgment and execution alone, the right to obtain satisfaction out of the specific property sought to be subjected to sale for that purpose dates from the filing of the bill. 'The creditor,' says Chancellor Walworth, in *Edmeston* v. *Lyde*, 1 Paige, 637–640 (19 Am. Dec. 454), 'whose legal diligence has pursued the property into this court, is entitled to a preference as the reward of his vigilance;' and it would 'seem unjust that the creditor who has sustained all the risk and expense of bringing his suit to a successful termination should in the end be obliged to divide the avails thereof with those who have slept upon their rights, or who have intentionally kept back that they might profit by his exertions when there could no longer be any risk in becoming parties to the suit.' As his lien begins with the filing of the bill, it is subject to all existing incumbrances, but is superior to all of subsequent date. As was said by this court in *Day* v. *Washburn*, 24 How. 352: 'It is only when he has obtained a judgment and execution in seeking to subject the property of his debtor in the hands of third persons, or to reach property not accessible to an execution, that a legal preference is acquired which a court of chancery will enforce.' This is in strict accordance with the analogy of the law, as it was recognized that the judgment creditor who first extends the land by *elegit* is thereby entitled to be first satisfied out of it. It is the execution first begun to be executed, unless otherwise regulated by statute, which is entitled to priority. *Rockhill* v. *Hanna*, 15 How. 189, 195; *Payne* v. *Drewe*, 4 East, 523. The filing of the bill, in cases of equitable execution, is the beginning of executing it."

The case of *Earle* v. *Kent Circuit Judge*, 92 Mich. 285, is cited in support of the practice in this case. But there was a showing in that case that the defendant was a nonresident, and had no property subject to execution in this State, while the complainant had an uncollected judgment against him in New York. An amendment alleging the issue and return unsatisfied of execution upon the New York judgment was permitted, and the judge's order permitting the amendment was sustained. We think this case does not support the proposition that a bill might be

filed to reach equitable assets, not only before execution issued, but before judgment.

We think the holding of the learned circuit judge was right, and his decree is affirmed.

The other Justices concurred.