(38 App. Div. 316.)

VIETOR et al. v. LEWIS et al.

(Supreme Court, Appellate Division, First Department. March 24, 1899.)

TEMPORARY INJUNCTION.

> Temporary injunction, in suit by certain creditors to enjoin payment to other creditors of proceeds of execution sale on their prior judgment, till proceedings in bankruptcy can be taken in the United States courts to have a trustee therein appointed, who might receive such property for equal distribution among the creditors, cannot be allowed; the right to final relief not being absolute, but contingent on the happening of a future event, and the determination of proceedings, if thereafter brought in the bankruptcy court.

Appeal from special term, New York county.

Action by George F. Vietor and others against Nathan Lewis and others, and from an order granting a temporary injunction certain defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Samuel Fleishman, for appellants Cohn.
Sidney H. Stuart, for appellant Lewis.
Emanuel Blumenstiel, for respondents.

O'BRIEN, J.  The plaintiffs are judgment creditors of the firm Charles Lewis & Bro., and the defendants, other than the members of the said firm, obtained prior judgments by confession, and have issued executions, on which levies were made upon some of the firm's assets.  Although the relief demanded in the complaint is in form that the judgments of these defendants and the executions issued thereon be set aside as fraudulent and void, and that the proceeds be transferred to a receiver to be appointed during the pendency of the action, the plaintiffs, on the motion, did not insist upon a receiver, but disclosed the real relief which they sought, namely, to enjoin the payment of the proceeds received by the sheriff from the sale from being turned over to the defendants having prior judgments till such time as proceedings might be taken in the United States courts in bankruptcy to have a trustee therein appointed, who might receive such property or proceeds for equal distribution among the creditors.  No sufficient showing was made to sustain the plaintiffs' charge of fraud, or that the defendants are not able financially to respond; but, on the other hand, the defendants' affidavits directly show that the judgments were for honest debts, and were obtained in good faith, and that the defendants are financially responsible.

Apart, however, from the merits of the controversy or the verity of the judgments, the claim really made here was that these confessions of judgment and the transfers of account were in violation of certain sections of the bankruptcy law; and the purpose of the plaintiffs in seeking an injunction was to tie up the property until, some time thereafter, the other creditors, including these plaintiffs, might institute proceedings in bankruptcy, and, by having the property thus tied up transferred to a trustee to be appointed in such bankruptcy proceedings, secure its ratable distribution among the creditors.  In other words it is sought in this action to issue an injunction for the purpose of suspending the rights of the defendants under their judgments for an indefinite time, so that the other creditors, if they deem it proper, may take proceedings in the United States courts; and this relief is asked for in an action in which it is perfectly evident that no such final relief can be given.

Without discussing the plaintiffs' right to interfere with property upon which they have no lien or interest to be protected, we think that, under the provisions of the Code of Civil Procedure, a temporary injunction cannot be allowed.  The right to final relief is not here claimed to be absolute, but only contingent upon the happening of a future event, and the determination of proceedings, if thereafter brought in the bankruptcy court.  It has been many times decided that a temporary injunction will not be granted in such an action where the plaintiff is not entitled to final relief.

The learned judge below was of opinion that an injunction could be granted pursuant to the provisions of section 1876 of the Code. The plaintiffs, no doubt aware of the danger of obtaining too much relief, although it was accorded to them, did not in their order ask for the appointment of a receiver, but contented themselves with an injunction.  This caution on their part was justified; for not

only were they not entitled to a receiver, but, had they called attention to the express language of section 1876 of the Code, the learned court would have seen that the injunction thereby permitted "must be deemed to be one of those specified in section 603." The latter section relates to a case "where the right of an injunction depends on the nature of the action"; and, as already said, an injunction under that section will not be granted unless it appears that the plaintiff is entitled to the final relief for which the action is brought. McHenry v. Jewett, 90 N. Y. 58. As the plaintiffs, therefore, could not obtain, and were not entitled to, any final relief, there was no warrant for the granting of the temporary injunction, and the order must be reversed, with $10 costs and disbursements, and the motion for a temporary injunction denied, with $10 costs. All concur.