IDEAL CLOTHING CO. *v.* HAZLE.

1. EQUITY—ORDER OVERRULING DEMURRER—GENERAL OR SPECIAL —APPEAL.

Since, under Chancery Rule No 9, subd. *a*, a general demurrer to a bill is to specify the reasons in matter of substance relied on, a demurrer which contains several special reasons, all except one of which go to the equity of the bill, is a good general demurrer, from an order overruling which an appeal will lie under 1 Comp. Laws 1897, § 549.

2. 'SAME—INJUNCTION — FRAUDULENT CONVEYANCES—BANKRUPTCY
ACT.

    A bill filed in September, 1898, alleged that defendant co-
partners had fraudulently transferred to their wives their
real estate, and had pretended to sell to a third person, also
made defendant, a stock of goods purchased from complain-
ants on a term of credit not yet expired; that the copartners
had been guilty of acts of bankruptcy, but that the creditors
could not file a petition for involuntary bankruptcy until the
expiration of four months from July 1, 1898, according to the
bankruptcy act. It prayed that the transfers be declared
fraudulent, and that an injunction issue restraining further
transfers until proceedings in bankruptcy could· be com-
menced. *Held,* that the bill could not be maintained, as
there was no impediment to attachment, or to replevin or
trover, if it was true that the goods were obtained by fraud.

3. SAME—IMPOUNDING ASSETS.

    The rule that equity can be resorted to, for the purpose of
reaching assets fraudulently conveyed, only after a judgment
and a return of execution unsatisfied, applies where it is
sought to impound the assets of the debtor pending resort by
the creditors to involuntary bankruptcy proceedings.

Appeal from Clinton; Daboll, J. Submitted January
10, 1901. Decided April 16, 1901.

Bill by the Ideal Clothing Company and others against
Fred E. Hazle and Frank B. Clark, copartners as Hazle
& Clark, and others, to set aside certain conveyances and
for an injunction. From an order overruling a demurrer
to the bill, defendants appeal. Reversed.

*Almond G. Shepard* and *Edwin H. Lyon,* for com-
plainants.

*High & Everett* ( *Spaulding, Norton & Dooling,* of
counsel), for defendants.

HOOKER, J. Hazle & Clark, copartners, carried on a
shoe business in Ovid. The complainants sold them goods,
and were severally their creditors. Their bill of com-
plaint, filed on or about September 13, 1898, at which
time a temporary injunction was allowed, states their

various claims, and that, with the exception of $33, they were not due. It alleges further that the persons composing the firm of Hazle & Clark pretended to sell and delivered their stock to one Lamb, and conveyed their lands to their wives; all in fraud of creditors. It alleges also that they were insolvent, and that on the preceding 1st of July—*i. e.*, 1898—the federal bankrupt act took effect, and that the defendants Hazle & Clark were guilty of acts of bankruptcy under its provisions, but that they had not filed a petition for voluntary bankruptcy, and that the creditors could not file a petition for involuntary bankruptcy until the expiration of four months from July 1, 1898, as provided in said act, at which time it was complainants' intention to file such a petition. It prayed that the transfers might be declared fraudulent as against creditors, and that an injunction be issued restraining the transfer of said property by any of the persons mentioned —all being made parties — until proceedings in bankruptcy could be commenced. An injunction was issued, but was afterwards dissolved. Defendants demurred to the bill, and have appealed from an order overruling the demurrer.

Apparently the only question relied upon under the demurrer relates to the jurisdiction of the court to enter tain such a suit. Complainants contend: *First*, that the demurrer is not a general demurrer, and that the order is not appealable; *second*, that the bill states a case entitling them to the relief prayed.

Our statute (1 Comp. Laws 1897, § 549) is anomalous in permitting an appeal from an order overruling a demurrer. Usually appeals are permitted only after final judgment or decree. This is an exception, however, but the right is limited to cases where the order is upon a general demurrer. The demurrer should, in our opinion, be treated as a good general demurrer. All of the special reasons contained in it (in accordance with Chancery Rule No. 9), except one, go to the equity of the bill. In the case of *Turck* v. *Soule*, 55 Mich. 128 (20 N. W. 822),

it is indicated that, where a demurrer is both general and special, an order overruling the demurrer, with leave to answer, cannot be appealed from; but this appears to have been overruled by the case of *Shaw* v. *Chase*, 77 Mich. 437 (43 N. W. 883), where the court considered that case upon the alleged want of equity, though the demurrer was both general and special. We may do the same here.

It has been intimated that, at the time the bill was filed, only $33 of complainants' claims were due. There was no impediment to proceedings by attachment for both due and undue claims, if, as alleged in the bill, the transfers were fraudulent. Moreover, if it was also true that the goods were procured through fraud, replevin or trover would lie. The only reason given for not resorting to a remedy at law is that the complainants wished to proceed under the bankruptcy act at a later date, and that the proceedings at law would be futile if the court of bankruptcy should take jurisdiction. We do not discover that it is alleged that there was any creditor except complainants who could begin such proceedings, and, if there were such, there is nothing to imply that he would do so; and, if it were otherwise, it is not clear that the complainants would be injured thereby, or by having taken steps under our State laws to secure payment of their claims.

It is contended that the case does not fall within the rule that a judgment must be procured, execution issued, and returned unsatisfied, before equity can be resorted to for the purpose of reaching assets fraudulently conveyed. Some cases are cited relaxing to a greater or less degree the rule referred to; but it has been adhered to with strictness in this State. See the late case of *Jenks* v. *Horton*, 114 Mich. 48 (72 N. W. 20).

It is apparent that the object of this bill was merely to preserve an estate until a time should come when it could be administered under the new law, which, at the time the bill was filed, did not authorize the federal courts to interfere. It is claimed that, as these courts were power-

less to protect creditors under the bankruptcy act, the State courts must have the power. This does not impress us as being a sound theory. The rights and remedies in such cases under the State law were settled. They existed and were open at this time. But counsel say that they might be superseded or supplemented for the four months following July 1st by another remedy, so that they might, if they chose, avail themselves of a prospective remedy afforded by the bankrupt act. We see no better reason why this should be than that an injunction should heretofore have been issued in any case of fraud and danger to impound the estate until creditors' claims should mature, judgment be obtained, execution issued and returned, to the end that a creditors' bill might be effectively filed. The exigency is as great in such a case as this; yet no one has heard of such a proceeding being permitted. Complainants' theory appears to be defended in an article contributed to 47 Cent. Law J. p. 308; but the case chosen for its text—*i. e.*, *Vietor* v. *Lewis* (in the New York supreme court), 57 N. Y. Supp. 16—denied the relief in a similar case to the present one. A similar view as to the power of the federal courts to anticipate the remedy by bankruptcy proceedings appears to have been taken by Judge Woolson, of the United States circuit court for the Southern district of Iowa, and Judge Carlond, of the Dakota court. See 47 Cent. Law J. 333. The period when such cases could arise was short, and, if there are other cases, we have not had our attention called to them.

We are of the opinion that the order overruling the demurrer should be reversed, with costs, and one entered sustaining the demurrer, with costs. It will be so certified.

The other Justices concurred.