HORACE W. BERRY *vs.* HENRY K. FRIEDMAN.

Suffolk.   March 22, 1906. — May 18, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Conversion. Equity Pleading and Practice*, Bill. *Equity Jurisdiction*, To enable plaintiff to remove his property from defendant's premises.

If the owner of a building, after permitting a piano which has been leased to one of his tenants to be moved into the tenant's apartment by temporarily enlarging a window, at the termination of the lease of the piano requests the owner to remove it but refuses to allow this to be done in the only practicable way by again enlarging the window, this is not an assumption of dominion over the piano which amounts to a conversion.

In a bill in equity by a dealer in pianos to enjoin the owner of a building from preventing the removal from the building of a piano alleged to belong to the plaintiff, if the bill avers that the plaintiff leased the piano to a tenant of the defendant

and that the lease became terminated and the title to the property became vested solely in the plaintiff, this is a sufficient averment of title without stating the terms of the lease or the manner in which it became terminated.

A bill in equity alleged that the plaintiff leased a piano to the tenant of an apartment in a wooden building of the defendant, that the defendant permitted a window of the apartment to be enlarged temporarily for the purpose of moving the piano in, and promised the tenant that he would give permission to remove it in the same way when necessary, that the lease became terminated and the title to the piano became vested solely in the plaintiff, that the defendant requested the plaintiff to remove the piano but refused to allow the window to be enlarged as before for that purpose, that the piano was so constructed that it could not be removed in sections without destroying it and could not be removed without making the desired opening, and that the plaintiff offered to give to the defendant a bond with sufficient sureties conditioned to make good any damages caused by the removal of the piano ; praying that the defendant might be enjoined from interfering with the plaintiff in the reasonable and proper removal of his property. There was no averment in the bill that the promise of the defendant to his tenant, to allow the piano to be removed in the same way in which it was put in, was made for the benefit of the plaintiff or that it was known to him or that he acted upon it. The defendant demurred to the bill. The judge overruled the demurrer, and, it appearing that the allegations of the bill were true, and the plaintiff having filed a bond with good and sufficient sureties to make good any damage caused by the removal to the reasonable satisfaction of the defendant, the judge made a decree that the defendant be perpetually enjoined from interfering with the plaintiff in the removal of his property as set forth in the bill. *Held*, that the plaintiff, having given the defendant full security against all loss or damage and seeking to do only what the defendant originally assented to, should be permitted to make the removal in the only way in which it practically could be done, and the decree was affirmed.

BILL IN EQUITY, filed November 4, 1905, as follows :

1. The plaintiff says that he is a dealer in pianos, having a usual place of business at No. 546 Washington Street in the city of Boston.

2. That on or about July 8, 1904, he leased a piano, of the value of $265, to one Etta Bailey, then of Chelsea.

3. That, shortly thereafter, Etta Bailey hired certain apartments in the premises numbered 78 Chestnut Street in the city of Chelsea owned by the defendant; that, owing to the dimensions of the piano, Etta Bailey was unable to move it into the premises, along with her other household effects, save by enlarging a window opening into the room hired by her of the defendant; that the defendant, well knowing that fact, expressly permitted the opening to be made, and agreed, promised and assured Etta Bailey that if at any time (and which the defendant understood must, of necessity occur) it became necessary

or desirable to remove the piano from the premises, full permission would be granted to remove the piano in a manner similar to that in which the piano was placed in the premises.

4. That on or about May of 1905 the lease under which Etta Bailey held the piano became terminated and the title to the property became vested solely in the plaintiff; that thereupon, both with and without notice from the defendant so to do, the plaintiff engaged suitable persons and apparatus to remove the piano.

5. That the defendant thereupon, although he had expressly requested its removal, refused to permit the piano to be removed from the premises, by refusing to allow any opening of any kind to be made by which the piano could be removed; that the plaintiff has repeatedly thereafter endeavored to remove the piano, and the defendant alternately requests the removal of the piano and refuses to allow the same to be removed.

6. That the premises in which the piano is located are a frame building and that it can be removed without any material damage to the premises of the defendant; that the piano is so constructed (being welded together) that it cannot be removed in sections, and any attempt to remove it otherwise than in a manner similar to that under which the same was placed in the premises would irreparably destroy and affect the value of the piano.

7. That the plaintiff has offered and now offers to execute and deliver to the defendant a bond with good and sufficient sureties and in any reasonable and proper sum, conditioned upon and for the purpose of securing the defendant against any loss or damage that he may suffer by reason of the removal of the piano in the manner aforesaid, but the defendant persistently, wilfully and maliciously refuses to permit the piano to be removed under any circumstances, although at the same time insisting upon its removal; that the plaintiff has been unnecessarily and unreasonably deprived of the use of and the rentals accruing from the piano.

Wherefore he prays that the defendant be enjoined from further interfering with the plaintiff in the reasonable and proper removal of his property as aforesaid, and for further relief.

The defendant demurred to the bill, and assigned the following causes for demurrer:

First. That there is not stated a case for equitable relief.

Second. That on the facts stated in the bill the plaintiff has a plain and adequate remedy at law.

Third. Because the title to the piano mentioned in the bill has not been sufficiently set forth, and because the contract or lease under which the plaintiff placed the piano in the house has not been sufficiently set forth.

Fourth. Because the facts and circumstances which constitute such a breach of the alleged lease as would entitle the plaintiff to the possession of the property as against Etta Bailey, alleged to be the lessee, are not sufficiently set forth.

Fifth. Because the relief prayed for by the bill, if allowed, would leave the defendant without power to exercise his legal right to resist any forcible trespass upon his premises by the plaintiff, and would deprive him of any legal remedy against the plaintiff for any acts of trespass in the premises in attempting to remove the piano.

In the Superior Court the case was heard by *Gaskill*, J., who, it appearing that the allegations in the plaintiff's bill were true, made a final decree that the demurrer be overruled and that, the plaintiff having filed a bond to the defendant with good and sufficient sureties to make good any damage caused by the removal of the property of the plaintiff, as set forth in his bill, and to the reasonable satisfaction of the defendant, the defendant be perpetually enjoined from further interfering with the plaintiff in the removal of his property as set forth in the plaintiff's bill. The defendant appealed.

*S. R. Cutler*, (*H. W. James* with him,) for the defendant.

*E. P. Benjamin*, for the plaintiff.

SHELDON, J. The only questions argued by the defendant in this case are those which arise upon his demurrer, and apparently he did not make and now does not make any objection to a final decree being entered against him, as was done in the Superior Court, if his demurrer is not to be sustained.

The bill is somewhat inartificially drawn; but construing all its averments together it substantially states the following facts: The plaintiff is a dealer in pianos, and in July, 1904, he leased

a piano worth $265 to one Etta Bailey. She hired an apartment in a building in Chelsea owned by the defendant. By reason of the dimensions of the piano, she was unable to move it into this apartment except by enlarging a window which opened into it. The defendant allowed this to be done, "permitted said opening to be made," and promised her to give her permission to remove the piano in the same way whenever that should be necessary. Her lease now has expired, and the plaintiff holds full title to the piano, and has endeavored to remove it; but the defendant, while insisting that the plaintiff must remove it, refuses to allow this to be done in the only practicable way, by refusing to allow any opening to be made by which it can be removed. The piano is so constructed, being welded together, that it cannot be removed in sections without destruction, or in any way other than that in which it was placed in the defendant's house. The plaintiff offers to give, and it appears that he since has given, to the defendant a bond with sufficient sureties conditioned to make good any damages caused by the removal of the piano.

The defendant's counsel contends that on these facts the plaintiff has a plain and adequate remedy at law. It is evident that the plaintiff could not obtain relief by an action of replevin; for the officer serving such a writ, while he would have no difficulty in taking possession of the piano, would not have any greater ability to remove it from the defendant's house and deliver it to the plaintiff than the plaintiff himself has. The officer could not complete the service of the writ. *Maxham* v. *Day*, 16 Gray, 213. If, however, the averments of the bill show that the defendant has converted the piano to his own use, then the plaintiff should seek his redress in an action for that conversion; for it does not appear that there is any such peculiarity in the construction of this piano that damages for its conversion would not be an adequate remedy. *Machinists' National Bank* v. *Field*, 126 Mass. 345, 349. *Schwalber* v. *Ehman*, 17 Dick. 314, 321. *Paramore* v. *Fitzgerald*, 67 Ga. 360. *Johnson* v. *Connecticut Bank*, 21 Conn. 148, 157. *Caleb* v. *Hearn*, 72 Maine, 231. *Ideal Clothing Co.* v. *Hazle*, 126 Mich. 262. *Fuller* v. *Davis' Sons*, 184 Ill. 505, 512. *Seibel* v. *Siemon*, 52 Mo. 363. *Chambers* v. *Chambers*, 98 Ala. 454.

It becomes material accordingly to determine whether the

bill does charge a conversion of the piano by the defendant. It is evident that the plaintiff did not intend to make such a charge. He avers that the defendant requests him to move the piano; the gravamen of his complaint is not that the defendant prevents him from removing it at all, but that the defendant refuses to let him make the opening in the defendant's window which is essential for such removal. Under these circumstances, it would be putting an undue strain upon the language of the seventh paragraph of the bill to say that it charges a conversion by the defendant. Taking the averment in connection with the rest of the bill, we do not think that it appears that the defendant assumed to exercise control over the property or interfered with the plaintiff's dominion over it. *Polley* v. *Lenox Iron Works*, 2 Allen, 182. *Spooner* v. *Holmes*, 102 Mass. 503, 506. *Farnsworth* v. *Lowery*, 134 Mass. 512. *Brintnall* v. *Smith*, 166 Mass. 253, 254. The defendant has not set up any adverse title of his own, as in *Luddington* v. *Goodnow*, 168 Mass. 223, or exercised any control over the property in denial of the plaintiff's right, as in *Scollard* v. *Brooks*, 170 Mass. 445. According to the bill, he admits the plaintiff's title, and calls upon the plaintiff to take away the property. This falls far short of what appeared in *McKay* v. *Pearson*, 6 Penn. Sup. Ct. 529; *Nichols* v. *Newsom*, 2 Murphey, 302; or *Hughes* v. *Coors*, 3 Col. App. 303, relied on by the defendant. Accordingly we do not think that it can be said that the plaintiff has a plain, adequate and complete remedy at law.

There is nothing in the defendant's contentions that the plaintiff's title or the contract or lease of the piano given to Bailey, or the facts which constitute a breach of that contract or lease, are not sufficiently set forth. It is expressly averred that the lease became terminated and the title to the property became vested solely in the plaintiff. This is enough.

More difficulty seems at first sight to be presented by the defendant's contention that he ought not to be prevented from exercising his legal right to resist any forcible trespass upon his estate. But it must be remembered that the defendant consented to the piano being put into his house in the manner in which the plaintiff desires to remove it, and that the defendant then promised that it might be removed in a similar manner.

This promise was indeed made to Bailey and not to the plaintiff; but equity sometimes will enforce for the benefit of the owner of property or the holder of a claim or demand a promise made to another. *Rice* v. *Dewey*, 13 Gray, 47. *Crowell* v. *St. Barnabas Hospital*, 12 C. E. Green, 650. *Halsey* v. *Reed*, 9 Paige, 446. *Powles* v. *Hargreaves*, 3 DeG., M. & G. 430. It may be that the plaintiff here cannot rely upon the promise to Bailey, in the absence of any averment that it was made for his benefit or known to or acted upon by him; but it remains true that according to the averments of the bill, which are admitted by the demurrer, the defendant contemplated that this piano should be removed, when that became necessary, in the same way in which it had been brought into his house, by enlarging the opening of his window, and expressed a willingness that this should be done. *Bacon* v. *Hooker*, 177 Mass. 335, 338. *Lambert* v. *Robinson*, 162 Mass. 34, 37. *Smith* v. *Hale*, 158 Mass. 178. *McLeod* v. *Jones*, 105 Mass. 403. *Doty* v. *Gorham*, 5 Pick. 487. We see no reason why the plaintiff, having given to the defendant full security against all loss or damage, and seeking to do only what the defendant originally assented to, should not now be permitted to make the removal in this way, being the only way in which it practically can be done.

*Decree affirmed.*