Wilson, J.
This is an action of contract brought on an insurance policy in which the plaintiff seeks to be indemni *260 fled for damage to his automobile sustained under the circumstances hereinafter described. The defence relied upon by the defendant was that its policy did not cover the loss, and set forth in its answer the following clause, which appeared in the policy as “Exclusion K”:
“This policy does not apply under Coverage E to (#4) damage caused by theft, wrongful conversion, embezzlement or secretion by any person in lawful possession, or by any person having custody of the automobile under any contract or agreement.”
There was evidence at the trial which was sufficient to warrant the following findings of fact made by the trial judge:
The plaintiff on September 19, 1938, was the owner of a 1936 Dodge Sedan which he desired to have simonized, and he employed one William Chapman to do the work. The plaintiff lived at East Holliston, Mass., and worked at the Dennison Manufacturing Company in Framingham, Mass., and on the morning of September 19, 1938, he drove his automobile to the Dennison factory with said Chapman where he turned the automobile over to Chapman to take back to East Holliston and clean and simonize it for an agreed price, and upon completion of the work to return it to the plaintiff at the Dennison Manufacturing Company plant. Chapman did take the car back to East Holliston and began his work but, without any authority on the part of the plaintiff, Chapman employed one Downey to help him clean and simonize the car. Between one-thirty and two-thirty o’clock in the afternoon, Downey was driving the car on the road from Holliston to Milford. Chapman was with him, and the car was driven off the road and damaged. Downey had no authority to operate the car and Chapman had no authority to drive the car in the place where the accident happened.
*261 The trial judge also found “as a fact that the plaintiff’s car was illegally converted to the use of said Downey and Chapman . . . and that this illegal use constituted an actionable breach of the insurance policy, and I have so instructed myself and therefore have found for the plaintiff.”
The defendant seasonably presented three requests for rulings.
1. The court is asked to rule as a matter of law that the evidence warrants a finding that at the time of the loss complained of in the plaintiff’s declaration, the plaintiff’s automobile was in the custody of a person who had lawful possession thereof.
2. The court is asked to rule as a matter of law that if the plaintiff’s automobile was in the possession of a person who had lawful possession thereof at the time of the loss complained of, there should be a finding for the defendant on the basis of Exclusion “K” of the policy in question.
3. The court is asked to rule as a matter of law that the evidence does not warrant a finding of a theft or wrongful conversion of the plaintiff’s automobile at the time and place mentioned in the plaintiff’s declaration.
The trial judge gave requests numbered 1 and 2 and denied 3.
“ The trial judge . . . performs a dual function. He must adopt correct rules of law for his guidance and find the facts as guided by these rules. And upon proper requests therefor he must state the rules of law adopted by him for his guidance as a trier of facts in order that the right of review thereof may be preserved.” Adamaitis v. Metropolitan Life Ins. Co., 295 Mass. 215, 219.
It seems clear that the trial judge had this rule in mind. He gave the defendant’s requests numbered 1 and 2 and as to those the defendant cannot complain. The denial of *262 request numbered 3, when considered with his specific findings, seems to indicate that he regarded the issue for his determination to be one of fact.
It is not argued by the defendant that the use of the car at the time it was damaged was not a conversion, but it is urged that even though it was, the defendant is not liable by reason of the terms of the policy. The pertinent portion of the policy is set forth above.
The trial judge found that "the plaintiff’s car was illegally converted to the use of the said Downey and Chapman . . . and that this illegal use constituted an actionable breach of the insurance policy.”
It was also found that Downey was driving the car at the time of the accident. That finding was warranted upon the evidence.
A conversion has been defined as follows:
"Conversion may be shown by the exercise of control over the property, inconsistent with the right of the owner, and by excluding him from the possession or depriving him of it.” Scollard v. Brooks, 170 Mass. 445, 448. See also McGonigle v. Belleisle Co., 186 Mass. Mass. 310, 313. Marcotte v. Mass. Security Corp., 250 Mass. 246, 250:
It seems to us that the act of Downey in driving the plaintiff ’s car was an act of dominion over it, inconsistent with the ownership and rights of the plaintiff, and was, therefore, a conversion of it. It was not the act of Chapman who could have been found to have acquired possession by virtue of his contract with the plaintiff. That contract in no way contemplated any possession by Downey, either alone or jointly with Chapman. The conversion by Downey, in our opinion, was not within the "exclusion” contained in the policy and constituted a breach thereof, for which the defendant was rightly held to be liable.
No prejudicial error appearing, the report is dismissed.