## ELIZABETH S. FOLSOM *vs.* BALLOU BANKING COMPANY.

Suffolk.    November 22, 1893. — March 1, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Contract — Evidence.*

If A., who has paid B. the amount of certain coupons of bonds sold by A. to B. and received the coupons as his own, undertakes, the coupons not being paid by the obligors, to return them to B., deducts the amount which he has paid B. from a larger sum which he owes him, and sends him a check for the balance thus reached, B. may sue A. for such larger sum without returning the check and coupons; and, in such action, evidence is admissible to show that B. sent a registered letter to A. giving him notice that the check and coupons were held subject to his order, and that A. refused to receive the letter.

If the finding by the judge of a fact renders harmless certain evidence admitted at the trial, an exception to its admission will not be sustained.

CONTRACT for money had and received.    Trial in the Superior Court, without a jury, before *Blodgett*, J., who found and ordered judgment for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*C. W. Clark*, for the defendant.

*S. H. Tyng*, (*E. G. McInnes* with him,) for the plaintiff.

HOLMES, J.    The facts as the judge has found them are, that the defendant had paid the plaintiff the amount of certain coupons of bonds sold by it or its predecessor in business to the plaintiff, and had received the coupons as its own.    The defendant took a different view of the transactions, asserted that it had paid the coupons provisionally only, and, when the coupons were not paid by the obligors, undertook to return them, deducted the amount which it had paid the plaintiff from a larger sum which it owed to her, and sent her its check for the balance thus reached. This was on February 17, 1892.    The plaintiff, without returning

the check or coupons, brought this suit on March 9, 1892, for the above mentioned larger sum.

The main question raised is whether the plaintiff's rights are affected by her failure to return the check and coupons before the suit was brought. The question is answered by the foregoing statement of the facts. The defendant undertook to drive the plaintiff into a position which she never had taken. She had no concern with the coupons, and the check did not represent the balance to which she was entitled. The defendant no more could impose duties upon her by sending the check and coupons to her than it could upon any stranger. As she had a right of action before, she had it after those objects were thrust upon her. There was nothing to rescind, for she had made no bargain.

Two exceptions were taken to the admission of evidence. The plaintiff was allowed to show that on April 7, 1892, she sent a registered letter to the defendant, giving it notice that the check and coupons were held subject to its order, and that the defendant refused to receive the letter. The only way in which the evidence could hurt the defendant was by showing the character of its conduct toward the plaintiff. For that purpose it was admissible. For any other it was superfluous. The suit was notice to the defendant that the plaintiff did not accept the check.

The other evidence was that one B. F. Folsom, who was the plaintiff's agent in the dealings with the defendant, never told her that the coupons sent to the defendant were sent to it to be collected by it as her agent. The judge having found that no such arrangement was made between Folsom and the defendant, the evidence became harmless. Otherwise, it would have tended to show that the plaintiff had not ratified the supposed agreement. She had testified that she did not authorize it.

*Exceptions overruled.*