EUDORA T. BARKER *vs.* SOPHIA M. MACKAY.

Suffolk.    December 11, 12, 1899. — March 3, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Writ of Entry to recover Land Sold for Taxes — Evidence.*

The owner of land sold for taxes may, after payment or tender of the amount due within the time prescribed by St. 1888, c. 390, § 57, recover the land by a writ of entry, and the remedy by a bill in equity under St. 1888, c. 390, § 76, is not exclusive.

At the trial of a writ of entry evidence of a conversation on the demanded prem-

ises between the daughter of the demandant sent by him to collect the rent and the husband of the tenant, acting as her agent, in which he told her that she had no right to be on the premises or to collect the rents, is admissible for the purpose of showing the possession of the tenant.

A party is not prejudiced by the admission of immaterial evidence which, at the close of the case, the jury is instructed to disregard.

WRIT OF ENTRY to recover a parcel of land in Boston. Trial in the Superior Court, before *Bell*, J., who allowed a bill of exceptions, in substance as follows.

There was evidence tending to show that the land in question was, on October 3, 1889, conveyed to the demandant by one O'Connor; that on September 17, 1890, it was sold by public auction to the tenant for the non-payment of the taxes assessed thereon for 1889; that the demandant, within two years after the sale, tendered to the tenant the amount due for the unpaid taxes; and that from October 3, 1889, until July, 1895, the demandant was in possession of the demanded premises and collected the rents thereof.

For the purpose of showing that the tenant was in possession of the demanded premises from July, 1895, until the trial of the action the demandant, subject to the exception of the tenant, offered in evidence a conversation between the demandant's daughter who had been sent by her mother to collect the rent and the tenant's husband on the demanded premises in which he told her that she had no right there, that he wanted her to get out, and that she had no right to collect the rent.

For the purpose of showing that the tenant's husband acted as her agent the demandant offered evidence tending to show that the property was bid off at the tax sale by him with her knowledge and consent; that he borrowed for her money with which to pay for the tax title which she subsequently repaid; that she consulted him when the tender was made by the demandant and again, upon his return from abroad, after she had in his absence paid the taxes in 1891, and that after the conversation between him and the demandant's daughter, and while the tenant still held the tax title, he caused the house on the land to be put in repair for occupancy.

The tenant denied that her husband was her agent, and her husband testified that she refused to have anything to do with the property until the title should be settled; that he expended

his own money in putting the house in repair, and held the rent which he received for whomsoever might be determined to be the owner.

At the close of the evidence the judge excluded as immaterial certain evidence which had been earlier admitted in support of the claim made by the demandant in her opening that the husband of the demandant had conveyed the premises to the husband of the tenant upon an oral agreement to convey them to the demandant, and that the tenant, at the time the land was sold for taxes, had money belonging to the demandant which she ought to have used to pay the taxes, and refused to let the demandant go to the jury on the issues raised thereby. The tenant requested the judge to rule that the action could not be maintained since the remedy was by a bill in equity in the Supreme Judicial Court, but the judge refused so to rule, and the tenant excepted.

The jury returned a verdict for the demandant; and the tenant alleged exceptions.

*E. H. Pierce,* ( *W. N. Poland* with him,) for the tenant.

*W. H. Baker,* for the demandant.

MORTON, J. This is a writ of entry to recover certain premises held by the tenant by a tax title. There was evidence of a tender by the demandant of the amount due as required by the St. 1888, c. 390, § 57, within two years after the sale. There was a verdict for the demandant, and the case comes here on exceptions by the tenant to certain rulings by the presiding justice and to the admission of certain testimony.

We shall consider only the exceptions on which the tenant relied at the argument before us, treating the others as waived.

The tenant contends in the first place that the demandant's remedy is by bill in equity in the Supreme Judicial Court under the provisions of St. 1888, c. 390, § 76. We do not see why this contention is not disposed of by *Rand* v. *Robinson,* 11 Cush. 289, in which it was held that the remedy afforded by St. 1849, c. 213, § 2, from which through successive re-enactments the St. 1888, c. 390, § 76, was derived was cumulative to that by a writ of entry, "and was intended to confer the additional remedy of a bill in equity" in cases of redemption from tax sales. That statute was repealed, it is true, by St. 1856, c. 239, § 6, but the

provisions of § 2 were re-enacted in § 4 of the statute of 1856, with the proviso that "relief be sought within five years from such sale." Manifestly, the proviso would have no effect on the cumulative or exclusive character of the remedy by bill in equity. The provisions of St. 1856, c. 239, § 6, have been continued by successive re-enactments to the present time. We see no ground on which it can be contended that the remedy is solely by bill in equity. See *Barker* v. *Mackay,* 168 Mass. 76.

The tenant further contends that the conversation between the demandant's daughter and the tenant's husband in July, 1895, was inadmissible. We think that it was rightly admitted. There was evidence tending to show that the property was bid off at the tax sale by her husband for the tenant with her knowledge and assent if not at her request ; that he borrowed money for her to pay for the tax title which she paid back; that when the tender was made she consulted with him regarding it ; that she paid a subsequent tax bill in his absence, and on his return consulted him about that also ; and that some time after the conversation between the demandant's daughter and the husband, and while the tenant still held the tax title, the husband caused the house to be put in repair for occupancy. There was also evidence of other transactions between the tenant and her husband and others in regard to the property before the tax sale. The tenant denied that her husband was her agent, and the husband testified that his wife refused to have anything to do with the property till the title was settled, and that he expended his own money in putting it in repair and held the rent that he had received for whoever might turn out to be the owner. But whether the husband was acting as agent for his wife at the time of the conversation objected to seems to us to have been under the circumstances thus disclosed a question for the jury. It was for the jury to give such weight to the testimony of the husband and wife as they deemed it fairly entitled to and to decide what the evidence fairly tended to show. We think that it cannot be held that there was no evidence justifying them in finding, as they must have found, that the husband was acting as his wife's agent. See *Arnold* v. *Spurr,* 130 Mass. 347.

The evidence which was admitted in support of that portion of the demandant's opening to which the tenant objected was

subsequently ruled out as immaterial, and the demandant was not allowed to go to the jury on the issues raised by it. It is to be presumed that the jury disregarded it. The tenant does not appear to have been harmed by the course that was pursued. See *Clark* v. *Boston & Maine Railroad*, 164 Mass. 434.

*Exceptions overruled.*