JAMES McGONIGLE & others *vs.* VICTOR H. J. BELLEISLE COMPANY.

Middlesex. January 28, 1904. — June 27, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Practice, Civil,* Exceptions. *Conversion. Landlord and Tenant.*

The burden is upon a party excepting to the admission of evidence to show that he was prejudiced by its admission.

When the lessee under a lease in writing rightfully removes the goods of a tenant at sufferance he has the right to put them off the premises, but he has no right to remove the goods to a storehouse at his own expense to be held there for safe keeping subject to the order of the owner, if the owner is present and objects to this.

LATHROP, J.    This is an action of tort in three counts.    The
first count is for breaking and entering the plaintiffs' close, the
second for the conversion of money and goods, and the third for
the use of excessive force in removing the plaintiffs.    The jury
returned a verdict for the defendant on the first count, being so
directed by the presiding judge, and for the plaintiffs on the
last two counts; and the case is before us on the defendant's
exceptions.

The facts in the case may be briefly stated as follows: The
plaintiffs were tenants at will of one Marston.    On February 24,
1903, Marston executed a lease to the defendant for the term of
eighteen months from March 1, 1903.    On March 10, the de-
fendant gave the plaintiffs notice in writing that it had taken a
lease of the premises and requested the plaintiffs to quit the
premises, as it desired to occupy the same for its own use.    An
action by summary process was brought by the defendant to
recover possession of the premises.    On March 27, the agents
and servants of the defendant, by its direction went to the
premises occupied by the plaintiffs, and immediately after gain-
ing possession removed the plaintiffs' goods to a storehouse.    On
the next day the defendant gave notice to the plaintiffs where
the goods were, and offered to remove them to any place the
plaintiffs might desire, without any expense to them.    The evi-
dence was conflicting as to whether there was any opposition to
the removal of the goods after possession was obtained; and
there was evidence tending to show that the plaintiffs resisted
the attempt of the defendant to enter the premises and to ob-
tain possession, and requested the return of a trunk alleged to
contain money after it had been placed on a wagon for removal,
but were driven away.

There are but two exceptions in the case.    The first excep-
tion relates to the admission of evidence in behalf of the plain-
tiffs, against the defendant's objection, of a certified copy of the
record of the proceeding by summary process in the police court
of the city of Lowell.    While the record was admitted, the de-
cision of the trial judge thereon was not allowed to be read to
the jury.    The bill of exceptions does not contain the copy of
the record, nor does it disclose for what purpose it was admitted.
The plaintiffs state in their brief that it was offered under the

first count and admitted before the judge ruled that they could not recover on the first count, and there is nothing in the bill of exceptions to show the contrary. If this is so, the defendant has no ground of exception. *Commonwealth* v. *Meserve*, 154 Mass. 64, 69. *Folsom* v. *Ballou Banking Co.* 160 Mass. 561, 562. *Barker* v. *Mackay*, 175 Mass. 485, 489. However this may be, and without passing upon the question whether the record was admissible under the first count, we regard it as immaterial, and do not see how the mere fact that the defendant had brought a summary proceeding against the plaintiffs could have prejudiced the defendant. The burden is on the defendant, as the excepting party, to show that it was prejudiced by the admission of the evidence, and we are of opinion that this burden has not been sustained. *Earle* v. *Earle*, 11 Allen, 1, 2. *Potter* v. *Baldwin*, 133 Mass. 427, 429, 430. *Worcester Coal Co.* v. *Utley*, 167 Mass. 558, 560. *Koplan* v. *Boston Gas Light Co.* 177 Mass. 15, 23.

The remaining exception relates to the refusal of the judge to give an instruction requested and to the instructions given. The request was as follows : " If the defendant had the right to remove the goods of the plaintiffs and to obtain possession of the premises wherein they were, the defendant was justified in taking reasonable precaution to prevent the loss or damage to the goods or effects of the plaintiffs by putting them in a suitable place for storage at the expense of the defendant, subject to the order of the plaintiffs, giving them reasonable notice that the same were stored for safe keeping, subject to the order of the plaintiffs."

The instructions given were as follows : " If you are satisfied from the evidence that the servants or agents of the defendant took goods, and held those goods a moment longer than was reasonable and necessary to remove them from the premises against the will of the plaintiffs, then the plaintiffs can recover the value of the goods. If you think in all the defendant did in taking the goods of the plaintiffs to the storehouse, it was not acting in opposition to the will of the plaintiffs, did not take control of the goods against the will of the owners but was acting together peaceably with the plaintiffs and set up no claim against the will of the owners, the defendant is not liable. But

if you think that the defendant undertook to remove the goods beyond the premises to the storehouse, if you are satisfied from that time, or at that time, that the plaintiffs expressed a wish against that, or sought to retain to themselves the possession of the goods, then the act of the defendant is an act of ownership in opposition to the wishes of the plaintiffs and the defendant is responsible for the value of such goods. If you think that there was such a control and you think that any property was lost afterwards, although it was taken by somebody not a servant of the defendant, the defendant is responsible. All the defendant had a legal-right to do with the goods was to take them and remove them from the premises; it could set them down in the street, set them down anywhere. From the moment they were off the premises, the right which the law gave the defendant to take possession of the goods was at an end. If, after that time, it exercised any control over the goods in opposition to the will of the plaintiffs, they were responsible, and they were responsible from that moment for the value of all the goods which they so took."

We are of opinion that on the evidence in the case the instruction requested was stated too broadly and the rulings were right. The defendant had a right to put the goods off the premises. *Clark* v. *Keliher*, 107 Mass. 406. But it had no right to exercise control or dominion over them beyond this, without the assent of the plaintiffs express or implied. "Conversion may be shown by the exercise of control over the property, inconsistent with the right of the owner, and by excluding him from the possession or depriving him of it." Allen, J., in *Scollard* v. *Brooks*, 170 Mass. 445, 448.

In the case before us there was evidence that the plaintiffs were present, and, if so, they could have taken care of their own goods. There was also evidence of a refusal by the defendant's agents and servants to deliver up a trunk said to contain money. The case differs from *Lash* v. *Ames*, 171 Mass. 487, in several respects. In that case the house was full of old building materials, which had to be removed from the building and could not be placed in the street without becoming a public nuisance. It was necessary that they be moved away, and the owner of the land offered to take them wherever the tenant wished. The

tenant would give no directions. In the case before us, the taking away and storing were without consulting the plaintiffs.

The order must be

*Exceptions overruled.*

*J. J. Pickman*, for the defendant.

*S. J. Elder, E. A. Whitman & J. T. Pugh*, for the plaintiffs.