ADDISON L. BEMIS *vs.* VARNUM P. CURTIS.

Worcester. November 7, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Conversion. Negligence.*

At the trial of an action of tort for the conversion of certain nursery stock belonging to the plaintiff, there was evidence tending to show that the plaintiff carried on the business of a nurseryman upon premises which he occupied as a tenant at will, and that the stock alleged to have been converted had been growing in the soil on those premises for at least a year; that the property was purchased by a collegiate alumni association who did not claim title to the stock but who requested the plaintiff by letter to remove it "within the next thirty days," so that a contractor, the defendant, who was to work upon the property for the new owner, could "have free sweep for construction work;" that the plaintiff interviewed the association's secretary with a view to getting

the time allowed for removal extended and was told to see the defendant; that the defendant assured the plaintiff "that he would extend him whatever courtesy he could in reference to the matter and would give him notice from time to time when the land which the plaintiff occupied would be needed for the operations which were to be conducted thereon by the defendant under his contract;" that thereafter the plaintiff gradually removed shrubs until, when the shrubs alleged to have been converted still were on the property, the defendant forbade the plaintiff "to touch or to take away the remainder of the shrubbery" and informed him "that he must now keep off the property;" that thereafter the defendant took most of the stock from the ground, baled it and took it away. *Held,* that a finding for the plaintiff was warranted.

At the trial of an action by a nurseryman against a building contractor for damage to nursery stock caused by alleged negligence of the defendant in the way in which he dumped stone and dirt upon it, there was evidence tending to show that the contractor was working upon land which was adjacent to land occupied by the plaintiff with the stock in question; that at the plaintiff's suggestion the defendant dumped the stone and dirt upon the land in the plaintiff's possession, but did so negligently and thus caused the damage which was the subject of the action. *Held,* that a verdict for the plaintiff was warranted.

TORT, with a declaration as amended in two counts, the first count being for the conversion of nursery stock, and the second for the destruction of shrubs, plants and trees, owned by the plaintiff, by reason of negligence of the defendant in dumping upon them stones and dirt. Writ in the Central District Court of Worcester dated September 24, 1913.

On appeal to the Superior Court the action was referred to an auditor, and, after the filing of the auditor's report, was tried before *Sanderson,* J. There was evidence tending to show the following facts:

For several years previous to May 8, 1913, the plaintiff, a landscape gardener and nurseryman, had occupied as a tenant at will about two acres of land, a part of which belonged to the Worcester Art Museum and was located on Park Avenue in the city of Worcester. On or about May 8, 1913, the Worcester Art Museum conveyed a part of the premises to the Worcester Polytechnic Institute, it having been purchased by the Institute's alumni association. The Worcester Polytechnic Institute and the alumni association of the Institute each wrote to the plaintiff of the purchase and requested him to remove his property within the next thirty days. Upon receipt of these letters the plaintiff went to the secretary of the alumni association and asked him if the time suggested for the removal of his property could not be extended. He was referred by the secretary to the

defendant, who, the secretary said, was to be the contractor for the construction of an athletic field upon the premises. The plaintiff thereupon saw the defendant and told him of the letters he had received, that it would be a hardship to remove the property within the time suggested, and asked the defendant if a greater time could not be allowed. The defendant told the plaintiff that he would extend him whatever courtesy he could in reference to the matter and would give him notice from time to time when the land which the plaintiff occupied would be needed for the operations. On May 24, 1913, the alumni association entered into a contract with the defendant for the construction of an athletic field upon the premises purchased. The defendant began work under this contract shortly after the date of its execution. During the summer of 1913, the plaintiff, at the request of the defendant's foreman, from time to time removed portions of the nursery stock which were in the way of the defendant's operations, and removed all of his buildings. At no time before the conversion alleged was any time given by the defendant to the plaintiff within which he would be obliged to remove his remaining stock, nor did the plaintiff at any time receive from any one any notice to vacate the premises, other than the letters above referred to. Neither the Worcester Polytechnic Institute, the alumni association, nor any one in their behalf ever claimed any property in the plaintiff's nursery stock or forbade the plaintiff to remove it.

Shortly before September 23, the plaintiff noticed that some of his nursery stock had been dug up and laid upon the ground and the defendant's foreman told the plaintiff that he (the plaintiff) was not to be allowed to take away the remainder. The plaintiff then saw the defendant and was told by the defendant that he would not be allowed to remove the remainder of the stock and that he must keep off the property. On or about September 23, the plaintiff went upon the premises with his men and started to remove his nursery stock, whereupon the defendant's foreman forbade the plaintiff from removing the stock. Immediately after this the defendant's men removed the stock from the ground, baled it and took it away under the defendant's directions.

All of the nursery stock which the plaintiff contended was converted was planted in the ground and most of it had been planted there since the year before, if not longer.

During the construction above referred to, the defendant's foreman had occasion to remove a large quantity of stones from the land where he was working and at the plaintiff's suggestion dumped the same upon an adjoining lot which was occupied by the plaintiff and upon a part of which the plaintiff had nursery stock. The defendant's men were negligent in the manner in which they dumped the stones and thereby injured the plaintiff's nursery stock.

At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions, it being agreed that, if the judge was wrong in ordering a verdict for the defendant on the first count, the plaintiff should have judgment thereon for the sum of $383.90 with interest at the rate of six per cent per annum from September 23, 1913; that, if the judge was wrong in ordering a verdict for the defendant on the second count, the plaintiff should have judgment thereon for the sum of $44 with interest at the rate of six per cent per annum from September 23, 1913.

The case was submitted on briefs.

*R. B. Dodge & A. T. Saunders,* for the plaintiff.

*C. E. Tupper,* for the defendant.

BRALEY, J. The plaintiff, a tenant at will, and nurseryman, in occupation of the premises when the alumni association purchased the land, owned the personal property thereon consisting of "an office building, a packing shed, small greenhouse and outbuildings . . . and a considerable quantity of small trees and shrubbery set out and growing in the ground." It appears from the auditor's report that the association never claimed ownership of this property, but only requested him by letter to remove it "within the next thirty days, so that the contractor can have free sweep for construction work." The plaintiff endeavored to have the time extended, but was told by the secretary of the association to see the defendant, who was to be the contractor. While the defendant testified at the trial before the court that he never authorized the plaintiff to remain in possession after the thirty days had expired, the jury on the auditor's report could find he assured the plaintiff "that he would extend him whatever courtesy he could in reference to the matter and would give him notice from time to time when the land which the plaintiff occupied would be

needed for the operations which were to be conducted thereon by the defendant under his contract." The time for and process of removal having been thus prolonged, the plaintiff took away the buildings, and from time to time as the work progressed and with such promptitude as not to hinder the contractor, removed small quantities of shrubs, when without previous notice, the defendant's foreman forebade him "to touch or take away the remainder of the shrubery," and the defendant also informed him, "that he must now keep off the property." The defendant, an independent contractor, could make such arrangements as he pleased with the plaintiff, and his peremptory refusal under the circumstances to permit him with his men to enter for the purpose of immediately removing all the stock, and his subsequent taking of "most of the stock from the ground" which he "baled up" and took away, amounted to a conversion of the plaintiff's property entitling him to damages under the first count. *Miller* v. *Baker,* 1 Met. 27. *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway,* 187 Mass. 500, 506. *McGonigle* v. *Belleisle Co.* 186 Mass. 310, 313. See *Lash* v. *Ames,* 171 Mass. 487; *Swift* v. *Boyd,* 202 Mass. 26.

The auditor's findings, that the defendant's foreman at the plaintiff's suggestion removed a large quantity of stone from the land on which he was working, and dumped several loads upon an adjacent lot in the plaintiff's possession, but so carelessly as to cause serious injury to the shrubs, was some evidence for the jury in support of the second count claiming damages for the negligent and tortious acts of the defendant's servants. *Lambert* v. *Robinson,* 162 Mass. 34.

The exceptions therefore must be sustained, the verdict ordered for the defendant set aside, and judgment entered for the plaintiff in accordance with the stipulation of the parties.

*So ordered.*