JOHN HOLDEN *vs.* PHILLIP BLOOM.

Middlesex.   December 8, 1942. — June 30, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence,* Motor vehicle, Use of way, Violation of law, Contributory.
   *Evidence,* Presumptions and burden of proof.

On evidence of the circumstances in which a defendant operated an
   automobile toward and struck the plaintiff, a boy playing in the
   street near the curb, without slowing down as required by G. L. (Ter.
   Ed.) c. 90, § 14, after observing the boy, or changing his course, which
   he might have done, there was error in granting a request by the de-
   fendant for a ruling that as a matter of law there was no evidence of
   negligence on his part which contributed to the plaintiff's injury, and
   in denying a request for the plaintiff that the evidence would warrant
   a finding for him.
A boy ten years of age, playing in a street near the curb and struck by
   an automobile which he had heard approaching, in the circumstances
   shown by the evidence had a right to rely to a reasonable extent upon
   the expectation that the operator of the automobile would take reason-
   able precautions to avoid injuring him and, in an action by him against
   the operator, a ruling that he was contributorily negligent was not
   required.
A ruling that the defendant in an action by a minor for personal injuries
   had not sustained the burden, placed upon him by G. L. (Ter. Ed.)
   c. 231, § 85, of proving that the plaintiff was guilty of contributory
   negligence was not necessarily inconsistent with a ruling, in an action
   by the minor's father for consequential damages, heard with the
   minor's action upon the same evidence, that the father had not sus-
   tained the burden, resting upon him at common law, of proving that
   the minor was in the exercise of due care.

TORT.   Writ in the Second District Court of Eastern
Middlesex dated November 18, 1939.

The case was first heard by *Murray*, J., and, at the second trial, by *Moynihan*, J.

*G. B. Stuart*, for the plaintiff, submitted a brief.

*H. S. Avery*, for the defendant.

DOLAN, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff, a minor, as a result of alleged negligence on the part of the defendant. The case was tried first in the District Court together with an action of the minor's father for consequential damages. At the close of the evidence the defendant made two requests for rulings as follows: "1. As a matter of law there is no evidence of negligence on the part of the defendant which contributed to the plaintiff's injury. 2. There is sufficient evidence as a matter of law to warrant the court in finding that the plaintiff was guilty of contributory negligence." The judge allowed the defendant's first request for a ruling. He also "allowed the defendant's second request . . . as modified that the evidence does not require such a finding but may warrant it." He denied, among others, the plaintiff's request for a ruling that the evidence warranted a finding for the plaintiff. The judge found for the defendant in both cases because he could not "find the evidence warrants a finding of the defendant's negligence." Both cases were reported to the Appellate Division which ordered that the findings for the defendant be vacated and that a new trial be had.

There was evidence at this first trial that would have warranted the judge in finding the following facts: On July 28, 1939, the defendant was driving his automobile at a speed of twenty-five miles an hour easterly on Pearl Street in Newton. The locus is in a thickly settled residential district. Pearl Street is thirty-two to thirty-four feet wide "between the gutters and is intersected by Thornton Street (about the same width), the easterly line of Thornton Street being about one hundred feet west of where the accident took place." Including the defendant, three persons were sitting on the front seat of his vehicle. The defendant first saw the plaintiff and another boy playing about on the edge of the sidewalk or in the gutter not more than a foot

from the sidewalk. They were then at a distance from him of about one hundred forty-nine feet. There were no parked vehicles nor vehicles coming toward the defendant to obstruct his view. The street was straight, the weather clear, the time midafternoon. The defendant was proceeding in a straight course not less than three feet distant from the sidewalk where the boys were playing. Approaching this point he did not diminish the speed at which he was operating his automobile. The front of the vehicle passed the boys but the plaintiff was struck by some part of the right side of the automobile. He "was dragged about a yard and lay with his head at the curb." Just before the accident occurred the plaintiff, then ten years old, was about a foot from the sidewalk, talking and "fooling" with his brother Gerald. He heard the defendant's automobile approaching, but did not see it nor pay any particular attention to it.

The granting of the defendant's first request, that as a matter of law there was no evidence of negligence on his part which contributed to the plaintiff's injury, was erroneous. Upon the evidence, it could not have been ruled properly that the defendant's conduct did not constitute negligence that was the proximate cause of the plaintiff's injury. It appears from the evidence that, in approaching the plaintiff, who was a pedestrian upon the travelled part of the way, the defendant failed to slow down in violation of G. L. (Ter. Ed.) c. 90, § 14. "The violation of a penal statute is evidence of negligence as to all consequences that the statute was intended to prevent . . . [but] Negligence consisting in whole or in part of violation of law, like other negligence, is without legal consequence unless it is a contributing cause of the injury." *Baggs* v. *Hirschfield*, 293 Mass. 1, 3, and cases cited. In the instant case we think that it could not have been ruled properly that the violation of the statute was not a contributing cause of the plaintiff's injury. As before pointed out, it could have been found on the evidence that the defendant saw the "boys" when he was at a distance of one hundred forty-nine feet from them; that at one point he saw them in the street,

and at another, at the edge of the sidewalk; that, at still another point, he saw one of them in the gutter, and that notwithstanding, he did not slow down, but continued straight on within three or four feet of the sidewalk without swerving or changing his course in any way, although the roadway was thirty-two to thirty-four feet in width and was not obstructed by parked "cars" or "cars" coming from the opposite direction. In this respect the action of the Appellate Division in vacating the findings for the defendant was free from error.

There was no error in the action of the trial judge, with respect to the defendant's second request for a ruling that there "is sufficient evidence as a matter of law to warrant the court in finding that the plaintiff was guilty of contributory negligence," in granting the request with the qualification that "the evidence does not require such a finding but may warrant it."

There was error in the denial of the plaintiff's request for a ruling that the evidence would warrant a finding for him. We have already said that the evidence would warrant a finding that the defendant was negligent and that the judge erred in declining so to rule. Having regard to the attendant circumstances we think that it could not have been ruled properly on the evidence that, as matter of law, the plaintiff was guilty of contributory negligence. The plaintiff was not guilty of contributory negligence if he used the care of the ordinarily prudent boy of his age. *Bessey* v. *Salemme*, 302 Mass. 188, 194. It is true that it could be found that, at the time of the accident, the plaintiff was playing in the roadway close by the curb. But that mere fact "did not reduce his rights from those of a traveller to those of a trespasser so far as other travellers on the highway were concerned. They gained no rights, and were relieved from no obligation, if their negligence caused him injury at a time when he was playing on the highway." *Schneider* v. *DeChristopher*, 301 Mass. 241, 243, 244, and cases cited. The case is not one where it could be found that the plaintiff suddenly ran from behind some obstruction into the view of the defendant. Compare *Lynch* v. *Krancer*, 302 Mass. 593. In the instant

case the plaintiff came into the view of the defendant when he was at a point almost one hundred fifty feet distant. The plaintiff was lawfully on the highway. He heard the defendant's automobile approaching. But the street was about thirty-four feet in width, was unobstructed so far as the defendant's progress was concerned, and the plaintiff was playing close by the sidewalk. In these circumstances we think that he had a right to rely to a reasonable extent upon the expectation that the defendant would take proper precautions to save him from injury, and that it cannot quite be said, as matter of law, that the conduct of the plaintiff did not conform to the standard of care required of one of his age.

It follows that there was prejudicial error in the action of the judge in the matter of the defendant's first request, and in the matter of the plaintiff's request which we have discussed, and that therefore the order of the Appellate Division in vacating the findings for the defendant and remanding the cases to the District Court for new trial was free from error.

We now come to the consideration of the questions of law raised at the second trial, and upon the motion of the defendant for a new trial. The second trial was heard upon substantially the same evidence as that presented at the first trial. The defendant did testify at the second trial that he slowed his automobile down and blew his horn, but the judge stated that he disbelieved this testimony. He was not required to believe this testimony. The plaintiff's testimony was substantially unaltered: he testified that he and his brother were returning from a store and were tossing a package of fish back and forth as they walked, and that he [the plaintiff] was walking in the gutter about a foot from the curb when the accident occurred. The judge granted the defendant's requested ruling that there was sufficient evidence to warrant a finding that the defendant's negligence was not a proximate cause of the plaintiff's injury, but found as a fact that the defendant was negligent and that his negligence was the proximate cause of the plaintiff's injury. He refused to rule as matter of law that the plaintiff was guilty

of contributory negligence or that the defendant had sustained the burden of so proving, but did rule that the evidence was sufficient to warrant a finding of contributory negligence. The judge refused to rule that the plaintiff had not sustained the burden of proving that the defendant was negligent, and found for the minor plaintiff, and ruled that the defendant had not sustained the burden of proving that the plaintiff was guilty of contributory negligence. For reasons already given in the consideration of the similar questions of law raised at the first trial, there was no error on the part of the judge with respect to the requests for rulings just discussed.

In the action for consequential damages the judge, in finding for the defendant, ruled that the burden was upon the father to prove that at the time of the accident his son was in the exercise of due care and that he had not sustained that burden, stating, in substance, that what the minor's "movements were as the defendant's car to his knowledge was approaching, is a matter of conjecture"; that he was not persuaded that the conduct of the boy did not contribute to his being struck; and that there was "serious doubt and question in" his "mind as to what took place."

Thereafter the defendant filed a motion for new trial in the action of the minor plaintiff based on the ground that the findings of fact of the judge relative to contributory negligence in that action were as matter of law inconsistent with the findings of the judge in the father's case, and that the findings in the latter case required a finding for the defendant in the minor's case. Requests for rulings to that effect were denied by the judge who refused to admit in evidence the findings of fact made by him in the father's case and the defendant claimed a report. There was no error in the action of the judge.

The rulings of the judge were not necessarily inconsistent since the rules governing the burden of proof of contributory negligence are not the same in actions for consequential damages as they are in actions to recover for injuries to person or property or for causing death. In the latter cases, by statute, the burden of proving contributory negligence

is placed upon the defendant. G. L. (Ter. Ed.) c. 231, § 85. In actions for consequential damages, however, the statute does not apply. The common law still applies to such actions, and the plaintiff is required to prove as an affirmative element that the person injured was in the exercise of due care when the injuries were sustained. *Thibeault* v. *Poole*, 283 Mass. 480, 486, 487. See also *Wilson* v. *Grace*, 273 Mass. 146, 154. It follows that there was no error on the part of the judge in refusing to admit in evidence at the hearing of the motion for a new trial in the minor's case the findings of fact made by the judge in the parent's case. There was no error in the denial of the motion for a new trial.

The order of the Appellate Division upon the report following the first trial, vacating the findings for the defendant and remanding the case for new trial, and its order upon the reports following the second trial, dismissing the reports, are

*Affirmed.*