MARY E. REID *vs*. THEODORA BACAS
(and a companion case [1]).

Plymouth.    October 5, 1944. — October 26, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Conversion. Real Property*, Removal of chattels. *Practice, Civil*, Interrogatories, New trial, Requests, rulings and instructions.

A finding that a grantee of real estate and her husband converted furniture and household effects on the premises was warranted by evidence that they refused a demand, made by the owner of the chattels, within a reasonable time after the conveyance, for leave to enter the premises and remove the chattels, and threw the chattels away.

An interrogated party was entitled under G. L. (Ter. Ed.) c. 231, § 89, to introduce in evidence an interrogatory and his answer thereto which related to the same subject matter as did another interrogatory and answer previously introduced in evidence by the interrogating party.

A party moving for a new trial is not entitled as of right to have the trial judge consider requests for rulings raising questions of law which were or could have been raised at the trial.

TWO ACTIONS OF TORT for conversion. Writ in the first action in the Superior Court dated March 4, 1943, and in the second action in the District Court of Brockton dated November 10, 1943.

Upon removal of the second action to the Superior Court, the actions were tried together before *Spalding*, J. There were verdicts for the plaintiff, and the defendants alleged exceptions.

*C. F. Glendon*, for the defendants.

*L. H. Miller*, for the plaintiff.

RONAN, J. Upon the conveyance of the real estate, which was owned by the plaintiff's son, to the male defendant who took title in the name of his wife, the defendant in the first action, the plaintiff had the right within a reasonable time thereafter to remove her furniture and household

---

[1] The companion case was by the same plaintiff against Andrew Bacas.

effects, which she used in maintaining her home upon the premises while they were owned by her son, *Ellis* v. *Paige,* 1 Pick. 43; *Pratt* v. *Farrar,* 10 Allen, 519, 521; *Talbot* v. *Whipple,* 14 Allen, 177, 181; *Lash* v. *Ames,* 171 Mass. 487, 490; *Mescall* v. *Somerset Savings Bank,* 305 Mass. 575, 577, and the evidence of the refusal of the defendants upon her demands, seasonably made, to permit her to enter the premises and to remove her goods, and of the detention and disposition of her property by throwing it "on the dump," as one of the defendants stated in the presence of the other, was sufficient, if believed, to show the exercise by the defendants of dominion and control over the plaintiff's chattels, which was inconsistent with the rights of the plaintiff and deprived her of her property. There was enough evidence to support the alleged conversion of the plaintiff's chattels, and the defendants fail to show any error of law in the failure of the jury to accept as true testimony tending to show that there was no conversion or in the denial of their motions for directed verdicts. *Guthrie* v. *Jones,* 108 Mass. 191. *Korbe* v. *Barbour,* 130 Mass. 255. *Scollard* v. *Brooks,* 170 Mass. 445. *McGonigle* v. *Victor H. J. Belleisle Co.* 186 Mass. 310. *Jean* v. *Cawley,* 218 Mass. 271, 277. *Bemis* v. *Curtis,* 237 Mass. 60, 64. *Lawyers. Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 287 Mass. 357. *Geguzis* v. *Brockton Standard Shoe Co.* 291 Mass. 368. *Baseball Publishing Co.* v. *Bruton,* 302 Mass. 54. *Brown* v. *General Trading Co.* 310 Mass. 263. *Congregation Anshe Sefard of Keap Street, Inc.* v. *Title Guarantee & Trust Co.* 291 N. Y. 35. Am. Law Inst. Restatement: Torts, § 178.

The defendants introduced in evidence an interrogatory propounded to the plaintiff by the female defendant, which requested the plaintiff to state all the acts committed by the defendant "in ejecting the plaintiff's personal property from the premises," and which the plaintiff answered by stating that she was informed and believed that all her property had been thrown away. The plaintiff was then properly allowed to read to the jury another interrogatory and answer of the plaintiff to the effect that the acts done

in ejecting her from the premises consisted of locking the premises and her forcible ejection from the premises by the male defendant.  Both interrogatories related to the same subject matter, the exclusion of the plaintiff from the possession and use of her property.  The plaintiff had the right to introduce the second interrogatory and answer.  G. L. (Ter. Ed.) c. 231, § 89.  *Freeman* v. *United Fruit Co.* 223 Mass. 300, 304.  *Bradley Lumber & Manuf. Co.* v. *Cutler*, 253 Mass. 37.

There was no error in denying the motions for a new trial and in refusing to consider any of the requests for rulings upon the motions since they were all based upon matters that could have been raised at the trial.  *Bankoff* v. *Coleman Bros. Inc.* 302 Mass. 122, 123.  *Commonwealth* v. *Dawn*, 302 Mass. 255, 264.

*Exceptions overruled.*