MARY GANNON *vs.* SUMMERFIELD COMPANY.

Suffolk.   April 8, 1948. — June 4, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Negligence,* Slippery substance, Store.   *Pleading, Civil,* Specifications. *Practice, Civil,* Interrogatories.   *Evidence,* Interrogatories.

In the absence of other evidence, a plaintiff propounding interrogatories to the defendant was bound by the answers to certain of such interrogatories which the plaintiff introduced in evidence, but was not bound by the answer to another of such interrogatories, relating to the same subject matter, which the defendant thereafter introduced in evidence.

Evidence, showing merely that a customer of a store, plaintiff in an action for personal injuries against the proprietor thereof, slipped and fell on a "yellow and moist" spot on the floor of the store and that after she fell she found on her shoe a "moist," "oily," "sticky" and "slippery" substance, did not warrant a finding that she fell upon moist wax on the floor as alleged in specifications filed by her; and it was proper to order a verdict for the defendant.

TORT.   Writ in the Superior Court dated March 13, 1945. The action was tried before *Dowd,* J.

*D. L. Allison,* for the plaintiff.

*T. H. Mahony,* (*J. R. St. Pierre* with him,) for the defendant.

WILKINS, J.   The plaintiff, a business visitor, was hurt when she slipped and fell on the floor of the defendant's store.   The judge directed a verdict for the defendant, and the correctness of that ruling is the only question presented by the plaintiff's bill of exceptions.

The declaration alleged that the plaintiff "slipped and fell on the floor of said store, which floor was in an unsafe and dangerous condition, and which condition was known,

or could by the exercise of reasonable care and diligence have become known to the defendant." Pursuant to court order, the plaintiff specified: "There was on the floor a place that was waxed, and the wax, at the time of the plaintiff's accident, was still wet or moist and not dry, and this spot was about five inches long by four inches wide, irregular in shape and sort of yellowish in color, and made the floor unsafe and dangerous as alleged in the plaintiff's declaration."

The only witness as to liability was the plaintiff, whose testimony was substantially the following: On September 9, 1944, about 4 P.M. she entered the store to pay a bill. After sitting down on a chair to get out her money, she started to walk to the cashier's desk. She had walked four or five feet "when she felt her left foot slip and she felt something on it," and she fell on her left side. She was picked up and seated in a chair from where she observed a spot on the floor where she fell which was "yellow and moist, an ordinary spot there" and about eight inches long by eight inches wide. There was a mark about a foot long which "started in the middle of the moist, yellow place . . . and ran a little ways out." She felt her left heel with her fingers, and discovered a substance which was "sticky and moist"; "whatever was on her shoe was sticky and oily"; "it was slippery and sticky." The floor was of brown linoleum.

The plaintiff introduced in evidence certain of the defendant's answers to interrogatories propounded by the plaintiff. In these it was stated that the floor was swept about 1 P.M. (interrogatory 9); and that liquid floor wax was used in waxing the floor (interrogatory 20). The defendant then introduced in evidence[1] the plaintiff's interrogatory 19 and the defendant's answer: Q. "How often was said floor waxed during the month preceding September 9, 1944, stating in your answer whether it was waxed monthly, weekly, biweekly or daily?" A. "Not waxed within a month of September 9, 1944." There being no other evidence on the subjects, the plaintiff is bound by the defend-

---

[1] G. L. (Ter. Ed.) c. 231, § 89. *Reid* v. *Bacas,* 317 Mass. 240, 242. *DiAngelo* v. *United Markets Inc.* 319 Mass. 143, 146.

ant's answers to interrogatories 9 and 20, which the plaintiff introduced in evidence. *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367, 373. *Falzone* v. *Burgoyne*, 317 Mass. 493, 495. *Meunier's Case*, 319 Mass. 421, 423. But the plaintiff is not bound by the defendant's answer to interrogatory 19, which the defendant introduced in evidence. The directing of the verdict must be considered on the footing that the floor was inspected about 1 P.M. and that at some time it had been waxed, but not necessarily that it had not been waxed within a month.

On the other hand, the plaintiff's specifications limited her to proof that the cause of her fall was wax and nothing else. *Shea* v. *Crompton & Knowles Loom Works*, 305 Mass. 327, 329. *Stewart* v. *Morgan*, 316 Mass. 164, 165. *Lishner* v. *Bleich*, 319 Mass. 350, 352. *Snow* v. *Metropolitan Transit Authority*, ante, 21, 24. The question then becomes whether on the evidence such a finding could properly be made. We are of opinion that it could not. *Zanes* v. *Malden & Melrose Gas Light Co.* 298 Mass. 569. The plaintiff not only failed to use the word "wax," but the language she did use left the nature of the substance in a state of uncertainty and conjecture. *Mucha* v. *Northeastern Crushed Stone Co. Inc.* 307 Mass. 592, 597, and cases cited. *Allan* v. *Essanee, Inc.* 309 Mass. 1, 7. *Starr* v. *Chafitz*, 317 Mass. 227, 230. *Williams* v. *United Men's Shop, Inc.* 317 Mass. 319, 321. *Gilmore* v. *Kilbourn*, 317 Mass. 358, 363. *Burwick* v. *McClure*, 318 Mass. 626, 630. In *Ventromile* v. *Malden Electric Co.* 317 Mass. 132, the substance was described as wax in the testimony.

*Exceptions overruled.*