*Western District*

### COUNTRY FRESH FROZEN FOODS, INC.
#### v.
### RICHARD M. WEINBERG, ET AL

*Present:* Riley, P J., Hobson and Garvey, JJ.

Case tried to *Noonan, J.*, in the District Court of Springfield. No. 145356.

*Garvey, J.* This is an action of contract to recover the balance due under a Conditional Sales Contract for the sale of a food freezer to the Defendants. The answer was a general denial, payment, and that the defendants were induced to enter into said conditional sales contract as a result of the false and material misrepresentations of the plaintiff, and that the contract declared on did not conform with the requirements of G. L. c. 255.

Defendants' particulars to the general denial portion of their answer, specified they had a credit memo of $58.95 which was not shown in the plaintiff's declaration; that the

conditional sales contract contains provision for reasonable attorneys' fees and other items not allowed by G. L. c. 255; and that the false and material misrepresentations made to the defendants by the plaintiff were contained in a membership certificate mailed by the plaintiff to the defendants within a few days after purchase. The membership certificate provided that the meats purchased from the plaintiff would be choice; U.S. grade no. 1; cut and packaged to the requirements of the defendants; unqualified taste satisfaction or food replaced.

*The evidence at the trial most favorable to the defendants can be summarized as follows:*

On or about April 18, 1957 the defendants executed a conditional sales contract for the purchase from the plaintiff corporation of a Revco Food Freezer and at the same time purchased from it $156.86 worth of miscellaneous frozen foods. The male defendant told the plaintiff's salesman at that time that he could purchase a similar freezer wholesale but was interested in the food plan and that if the food was not as represented the plaintiff would take out the freezer. This defendant testified, over objection, that the plaintiff's salesman told him that he could return the freezer if he was not satisfied with the food purchased under the food plan. The food was paid for.

The male defendant complained to the plaintiff about the quality of the food immediately after the first meal in which this food

was eaten. In August, 1957 the defendants' delivered the freezer to the plaintiff who refused to accept it.

The conditional sales contract for the freezer was endorsed with recourse by the plaintiff to the Union Trust Company of Springfield; and no payments were made thereon by the defendants, and it was reassigned to the plaintiff.

The plaintiff repossessed the freezer, sold the same at public auction and credited the net proceeds of such sale to the defendants which left a balance on the conditional sales contract for the freezer of $502.95.

The following are the plaintiff's requests for rulings and the trial judge's action thereon:

1. Upon all the evidence, the plaintiff is entitled to recover. *Denied.*

2. Upon all the law, the plaintiff is entitled to recover. *Denied.*

3. Upon all the law and the evidence, the plaintiff is entitled to recover. *Denied.*

4. A Conditional Bill of Sale is not void, as a matter of law, merely because it calls for the payment of attorneys' fees. *Allowed.*

5. If any one provision of the Conditional Sales Contract is void, it does not invalidate the entire contract; but only that portion of the contract which is so void cannot be enforced. *Allowed.*

6. The breach of a warranty in the sale of food items, if any, separate and apart from the sale of the freezer, does not give grounds to avoid the subject Conditional Sales Contract. *Denied.*

7. As a matter of law, the only defenses open to the defendants in this suit are those set forth in the answer, and specifications. *Allowed.*

The Court made the following Special Finding of Fact, and found for the defendants:

"On or about April 18, 1957, the defendant, Richard M. Weinberg, was visited at his home by two salesmen of the Plaintiff Corporation. They outlined a plan to the Defendant, Richard M. Weinberg, whereby if he purchased a freezer from the Plaintiff he would become a member of the Country Fresh Frozen Food Club and would be entitled to purchase choice food from the Plaintiff at a reasonable cost.

The Defendant, Richard M. Weinberg, told the salesmen that his father was in the electrical business and that he could purchase a freezer as cheap as the Plaintiff could, but that he was interested in the food plan.

The salesmen said that the food was choice and of the finest and equal to that served in the best hotels and that satisfaction was guaranteed.

The guarantees were incorporated in Membership Certificate which is Defendants' exhibit No. 3 and is incorporated herein by reference.

Relying upon the guarantee the Defendants joined the Country Fresh Frozen Food Club and purchased the freezer under the conditional sales agreement attached to the declaration. The following day the freezer

was delivered to the Defendants together with an order of food.

The Defendant, Richard M. Weinberg, paid for the food.

On the following Sunday the Defendant had his first meal of the frozen food consisting of ham, corn and blueberries.

The ham was salty and was not edible, the corn was tough and the blueberries were not satisfactory.

The Defendant, Richard M. Weinberg, complained to the Plaintiff, but the food was not replaced.

The Defendants relied upon the representations of the Plaintiff."

After a finding by the court for the Defendants, a motion of the defendants sought to amend their answer by inserting the following:

"And further answering, the Defendants say that the plaintiff made certain warranties concerning the frozen food plan which the Plaintiff sold the Defendants, warrantying that service be made in twelve (12) hours after notification by the Defendants and warrantying that unqualified taste satisfaction would be given, or the food would be replaced, which warranties were not fulfilled by the Plaintiff, and Defendants having returned the freezer to the Plaintiff, and the Plaintiff having refused such return, the Defendants in accordance with G. L. c. 106, §58, say they now owe the Plaintiff nothing."

After hearing by the court this motion was denied. The defendants claimed a report on such denial.

The denial of defendants' motion to amend their answer was a matter of judicial discretion. No abuse has been shown. *Shea v. Crompton & Knowles Loom Co.,* 305 Mass. 327, 328.

The purpose of the specifications filed by the defendants was to give the plaintiff knowledge of the nature and grounds of defense and limit the scope of proof so that the proof would conform substantially to the specifications. *Shea v. Crompton & Knowles Loom Co. supra; Cannon v. Summerfield Co.,* 323 Mass. 25, 27. As so limited the defense of the defendants was based on false and material misrepresentations made to the defendants by the plaintiff. The trial judge, as we interpret his findings, did not find fraud. The evidence would not justify such a finding.

He apparently based his finding on breach of warranty, which he was not permitted to do on the pleadings. He granted plaintiff's request for ruling numbered 7. This was correct. Having properly instructed himself in this respect, he then proceeded to base his finding on breach of warranty by the plaintiff which was outside the scope the defenses raised by the pleadings and specifications. This was prejudicial error. A new trial is to be ordered.

We do not pass on the other issues on which

the plaintiff claims to be aggrieved as they may not arise in the same form at another trial.

Gilbert W. Baron, for the Plaintiff.
Henry A. Moran, Jr., for the Defendant.